# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

## PEIRCE v. HISS.

PATENTS; INTERFERENCE; CONCEPTION.

Where, in an interference involving the invention of an improvement in
cable hangers for supporting messenger wires, it appeared that after
the grant of a patent for a similar device to the junior party, who
was a manufacturer of cable hangers, an inventor, and highly skilled
in the art, and after an interference had been declared between the
senior party and another, a manufacturing company, which mean-
while had acquired the application of the junior party and that of
such other party, procured the junior party to file another applica-
tion, which was thereupon placed in interference with that of the
senior party, it was *held, affirming* a decision of the Commissioner
in favor of the senior party, that it was inconceivable that, if the
junior party did conceive the invention of the issue, and embody
his conception in concrete form, he should have failed to include it in
his earlier application.

No. 561, Patent Appeals.   Submitted January 15, 1909.   Decided March
2, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.         *Affirmed.*

The facts are stated in the opinion.

*Messrs. Owen & Owen* and *Messrs. Church & Church* for the appellant.

*Mr. Llan M. Johnson* for the appellee.

· Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents awarding priority to William J. Hiss, Jr., the senior party to an interference proceeding. The issue is stated in the following counts:

"1. A cable hanger consisting of a metal clip forming a loop, the ends of said clip forming a co-operating eye and hook, and a suspender passing through said eye and forming a loop.

"2. A cable hanger consisting of a clip forming a loop having co-operating securing means on the ends of the same, and a suspender permanently engaging said securing means."

The device described in the above counts is used in attaching cables to supporting messenger wires, and, while the device is simple in construction, it is one of considerable utility. Formerly cables were attached to messenger wires by the so-called Cameron hook, one end of which was provided with a closed eye through which a loop of marlin was passed, and then wrapped about the cable and passed over the hook. The Cameron device was open to objection because of its liability to become detached from the messenger wire.

Prior to the date claimed by either party as his date of conception, Charles L. Peirce, Jr., was president of the Peirce Specialty Company, which manufactured the Cameron device, and, being a prolific inventor and patentee, and having knowledge of the objections to the Cameron device, he attempted to devise an improved hook. In July, 1904, he did devise a U-

shaped hook with the ends bent over so as to form loops.  To co-operate with these loops he provided a piece of marlin, knotted at either end.  On May 31, 1905, he filed an application for a patent on this device, and the patent was issued to him on January 12, 1909.  The Patent Office has held that there is a patentable difference between the construction described in this patent and the device of the issue.

This interference was originally declared on June 19, 1906, and then involved Hiss and a party named Swisher.  After the preliminary statements had been opened to opposing parties, the Nagel Manufacturing Company, which, meanwhile, had acquired both the Swisher application and the original application of Peirce, procured Peirce to file an additional application, dated January 2, 1907, for the construction of the issue.

Hiss took no testimony, but relied upon his filing date.

The testimony on behalf of Peirce is directed to showing that he conceived the device of the issue and reduced it to practice at the same time he invented the device upon which he received a patent.

We have examined this testimony, and, while the question is not free from doubt, we are not disposed, owing to the circumstances under which Peirce's application was filed, to disturb the conclusion of the Commissioner and Board of Examiners-in-Chief.  Peirce, being a manufacturer of cable hangers, an inventor, and highly skilled in this art, was certainly in a position to understand and fully appreciate the value of a device like this, and it is inconceivable, if he did conceive it and embody his conception in concrete form (which, in this case, we apprehend would have constituted a reduction to practice), that he should have failed to include it in his earlier application.  Therefore, without entering upon an analysis of the testimony, we affirm the decision of the Commissioner.

The decision of the Commissioner of Patents is affirmed, and the clerk of this court will certify this opinion and the proceedings in this court to the Commissioner, as required by law.

*Affirmed.*